# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WESTERN DIGITAL TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> XIAOLONG1988, et al., <br><br> Defendants. | Case No. 18-cv-03453 <br><br> **Judge Charles P. Kocoras** <br><br> **Magistrate Judge Sidney I. Schenkier** |

## FINAL JUDGMENT ORDER AGAINST THE DEFENDANTS IDENTIFIED IN SCHEDULE A, WITH THE EXCEPTION OF CERTAIN DEFENDANTS

This action having been commenced by Plaintiff Western Digital Technologies, Inc. ("Western Digital" or "Plaintiff") against the defendants identified on Schedule A, and using the Online Marketplace Accounts identified on Schedule A (collectively, the "Defendant Internet Stores"), and Western Digital having moved for entry of Default and Default Judgment against the defendants identified on Schedule A attached hereto, with the exception of certain Defendants,[1] (collectively, the "Defaulting Defendants");

This Court having entered upon a showing by Western Digital, a temporary restraining order and preliminary injunction against Defaulting Defendants which included an asset restraining order;

Western Digital having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication and e-mail, along with any notice that Defaulting Defendants received from payment processors, being notice reasonably

---

[1] Western Digital's Motion for Entry of Default and Default Judgment does not apply to Defendants topdirectionstore, angeloliu2014, top-security-cctv, and Aotetek Store.

calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

Defaulting Defendants having failed to answer the Amended Complaint or otherwise plead, and the time for answering the Amended Complaint having expired;

THIS COURT HEREBY FINDS that it has personal jurisdiction over Defaulting Defendants since Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defaulting Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Defendant Internet Stores through which Illinois residents can purchase products using counterfeit versions of Western Digital's WD Trademarks (a list of which is included in the below chart).

| Registration Number | Trademark | Goods and Services |
|---|---|---|
| 3,062,297 | WD | For: computer products, namely hard drives in class 009. |
| 1,016,514 | WESTERN DIGITAL | For: integrated circuits in class 009. |
| 3,040,756 | WESTERN DIGITAL | For: computer products, namely hard drives and disk drives in class 009. |
| 4,419,400 | WD RED | For: computer disk drives in class 009. |
| 4,448,549 | WD BLUE | For: computer disk drives in class 009. |
| 4,448,551 | WD BLACK | For: computer disk drives in class 009. |
| 4,448,552 | WD GREEN | For: computer disk drives in class 009. |
| 4,680,076 | WD PURPLE | For: data storage devices, namely, hard disk drives, digital disk drives, media players, solid state drives, blank digital storage |

media, hybrid hard drives and computer peripherals; computer storage devices, namely, computer memory hardware and hard drives for computers; digital electronic devices, namely, hybrid hard drives and hybrid disk drives for organizing, receiving, playing, transmitting, managing, storing, securing, encrypting, centralizing, backing-up, transferring, customizing, navigating, playing, viewing, accessing, sharing, streaming, synchronizing, modifying, reviewing, uploading, and downloading text, data, image, audio and video files, information, or media stored on, streamed through, hosted on or run on data storage devices, hard drives, disk drives, solid state drives, media players and internet servers; removable hard drive based computer backup system; computer hardware for upload, storage, retrieval, download, transmission and delivery of digital content; computer software for use in the synchronization, back-up, playing and encryption and decryption of digital files, including audio, video, text, binary, still images, graphics and multimedia files; computer network storage devices, namely, storage and backup of electronic data either locally or via a telecommunications network; networking software, namely, software for setting up and configuring managed storage and online backup services over wide area networks; computer software and hardware for synchronizing and connecting local network storage and global computer networks, for upload, storage, retrieval, download, transmission and delivery of digital content, for storing and managing data on local and internet-based file servers, for processing storage of

| | | data; computer firmware for data storage, data retrieval, data access, data backup, data replication, data availability, data recovery, data translation and data conversion; computer hardware for use in video surveillance applications and systems, digital or personal video recorders, internet protocol televisions, set-top boxes, audio systems, digital signage, karaoke players, computer gaming devices and dvd recorders in class 009.<br><br>For: maintenance of data storage devices, hard drives, disk drives, solid state drives, media players and computer peripherals in class 037. |
|---|---|---|
| 3,269,156 | WD SCORPIO | For: disk drives, hard drives in class 009. |
| 3,793,628 | MY PASSPORT | For: computer products, namely, disk drives, computer storage units, namely, computer hardware for storage of digital data, and computer peripherals, excluding mouse pads in class 009. |
| 4,537,757 | WD ELEMENTS | For: computer storage devices in the nature of hard disk drives, digital disk drives, media players, solid state drives and computer peripherals; computer products, namely, data storage products in the nature of digital electronic devices, namely, disk drives and hybrid disk drives, for organizing, receiving, transmitting, managing, storing, securing, encrypting, centralizing, playing, streaming, backing-up, transferring, customizing, navigating, playing, viewing, accessing, sharing, synchronizing, modifying, reviewing, uploading, and downloading text, data, image, audio and video files, information, |

| | | |
|---|---|---|
| | | or media stored on, streamed through, hosted on or run on data storage devices, hard drives, disk drives, solid state drives, and media players in class 009. |
| 3,130,924 | **WD** (logo) | For: computer products, namely hard drives and disk drives in class 009. |
| 4,628,454 | **WD** (logo) | For: online retail store services provided via a global computer network featuring computer hardware, computer storage devices, computer software, computer peripherals, media players and protective cases for hard drives in class 035. |

THIS COURT FURTHER FINDS that Defaulting Defendants are liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)), and violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510, *et seq.*).

IT IS HEREBY ORDERED that Western Digital's Motion for Entry of Default and Default Judgment is GRANTED in its entirety, that Defaulting Defendants are deemed in default and that this Final Judgment is entered against Defaulting Defendants.

IT IS FURTHER ORDERED that:

1. Defaulting Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a. using the WD Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing,

advertising, offering for sale, or sale of any product that is not a genuine Western Digital Product or not authorized by Western Digital to be sold in connection with the WD Trademarks;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Western Digital Product or any other product produced by Western Digital, that is not Western Digital's or not produced under the authorization, control or supervision of Western Digital and approved by Western Digital for sale under the WD Trademarks;

c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control or supervision of Western Digital, or are sponsored by, approved by, or otherwise connected with Western Digital;

d. further infringing the WD Trademarks and damaging Western Digital's goodwill; and

e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Western Digital, nor authorized by Western Digital to be sold or offered for sale, and which bear any of Western Digital's trademarks, including the WD Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof.

2. Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of Defaulting Defendants' Online Marketplace Accounts or other online marketplace accounts operated by Defaulting Defendants, including, without limitation, any online marketplace platforms such as iOffer, eBay, AliExpress, Alibaba, Amazon, Wish.com,

and Dhgate, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, and Internet search engines such as Google, Bing, and Yahoo, (collectively, the "Third Party Providers") shall within three (3) business days of receipt of this Order:

   a. disable and cease providing services being used by Defaulting Defendants, currently or in the future, to engage in the sale of goods using the WD Trademarks;

   b. disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of counterfeit and infringing goods using the WD Trademarks; and

   c. take all steps necessary to prevent links to the Online Marketplace Accounts identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Online Marketplace Accounts from any search index.

3. Pursuant to 15 U.S.C. § 1117(c)(2), Western Digital is awarded statutory damages from each of the Defaulting Defendants in the amount of one million dollars ($1,000,000) for willful use of counterfeit WD Trademarks on products sold through at least the Defendant Internet Stores. The one million dollar ($1,000,000) award shall apply to each distinct Defaulting Defendant only once, even if they are listed under multiple different aliases in the Amended Complaint and Schedule A.

4. Any Third Party Providers holding funds for Defendants, including PayPal, Inc. ("PayPal"), Alipay, Wish.com, and Amazon Pay, shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any non-U.S. based accounts connected to Defaulting Defendants or Defaulting Defendants' Online Marketplace

Accounts identified in Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

5. All monies currently restrained in Defaulting Defendants' financial accounts, including monies held by Third Party Providers such as PayPal, Alipay, Wish.com, and Amazon Pay, are hereby released to Western Digital as partial payment of the above-identified damages, and Third Party Providers, including PayPal, Alipay, Wish.com, and Amazon Pay, are ordered to release to Western Digital the amounts from Defaulting Defendants' financial accounts within ten (10) business days of receipt of this Order.

6. Until Western Digital has recovered full payment of monies owed to it by any Defaulting Defendant, Western Digital shall have the ongoing authority to serve this Order on Third Party Providers, including PayPal, Alipay, Wish.com, and Amazon Pay, in the event that any new financial accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, Third Party Providers, including PayPal, Alipay, Wish.com, and Amazon Pay, shall within two (2) business days:

   a. locate all accounts and funds connected to Defaulting Defendants or Defaulting Defendants' Online Marketplace Accounts, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, the e-mail addresses identified in Exhibit 2 to the Declaration of Rebecca Unruh, and any e-mail addresses provided for Defaulting Defendants by third parties;

   b. restrain and enjoin such accounts or funds that are not U.S. based from transferring or disposing of any money or other of Defaulting Defendants' assets; and

c. release all monies restrained in Defaulting Defendants' financial accounts to Western Digital as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

7. In the event that Western Digital identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, Western Digital may send notice of any supplemental proceeding to Defaulting Defendants by e-mail at the e-mail addresses identified in Exhibit 2 to the Declaration of Rebecca Unruh and any e-mail addresses provided for Defaulting Defendants by third parties.

8. The ten thousand dollar ($10,000) surety bond posted by Western Digital is hereby released to Western Digital or its counsel, Greer, Burns & Crain, Ltd. The Clerk of the Court is directed to return the surety bond previously deposited with the Clerk of the Court to Western Digital or its counsel.

This Court, having determined that there is no just reason for delay, orders that this is a Final Judgment against the Defaulting Defendants.

DATED: September 6, 2018

_____
Charles P. Kocoras
United States District Judge

Western Digital Technologies, Inc. v. XIAOLONG1988, et al.
Case No. 18-cv-03453

# Schedule A

| No. | Defendant Name / Alias |
|---|---|
| 1 | DISMISSED |
| 3 | Aotetek Store |
| 5 | DISMISSED |
| 7 | DISMISSED |
| 9 | okayvision Official Store |
| 11 | Safety world Store |
| 13 | tkft8196 |
| 15 | top-security-cctv |
| 17 | zealhelp store |

| No. | Defendant Name / Alias |
|---|---|
| 2 | angeloliu2014 |
| 4 | autozubehor* |
| 6 | DISMISSED |
| 8 | karincy2014 |
| 10 | overbling7 |
| 12 | DISMISSED |
| 14 | topdirectionstore |
| 16 | DISMISSED |
|  |  |

| No. | Defendant Marketplace URL |
|---|---|
| 1 | DISMISSED |
| 3 | aliexpress.com/store/3115022 |
| 5 | DISMISSED |
| 7 | DISMISSED |
| 9 | okayvision.aliexpress.com/store/1502217 |
| 11 | aliexpress.com/store/3092100 |
| 13 | ebay.com/usr/tkft8196 |
| 15 | ebay.com/usr/top-security-cctv |
| 17 | aliexpress.com/store/2906207 |

| No. | Defendant Marketplace URL |
|---|---|
| 2 | ebay.com/usr/angeloliu2014 |
| 4 | ebay.com/usr/autozubehor* |
| 6 | DISMISSED |
| 8 | ebay.com/usr/karincy2014 |
| 10 | ebay.com/usr/overbling7 |
| 12 | DISMISSED |
| 14 | ebay.com/usr/topdirectionstore |
| 16 | DISMISSED |
|  |  |